**GUTTILLA MURPHY ANDERSON, P.C.**
Dawn M. Maguire (Ariz. No. 20368)
5415 E. High St., Suite 200
Phoenix, Arizona 85054
Email: dmaguire@gamlaw.com
Phone: (480) 304-8300
Fax: (480) 304-8301

Attorneys for Chapter 7 Trustee Dina L. Anderson

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In Re:<br><br>David W. Remieres and Jennifer F. Remieres,<br><br>Debtors. | CHAPTER 7<br><br>Case No. 2:19-bk-12898-BKM |
| U.S Bank National Association,<br><br>Movant,<br>vs.<br><br>David W. Remieres and Jennifer F. Remieres, Debtors, and Dina L. Anderson, Chapter 7 Trustee,<br><br>Respondents. | **TRUSTEE'S OBJECTION TO MOTION TO LIFT THE AUTOMATIC BANKRUPTCY STAY**<br><br>Re; Real Property Located at:<br>9021 W. Elm Street Unit 3<br>Phoenix, AZ 85037 |

Dina L. Anderson, the Chapter 7 Trustee appointed in this case ("Trustee"), by and through undersigned counsel, hereby objects to U.S. Bank National Association's ("U.S. Bank") *Motion for Relief from the Automatic Stay* ("Motion"). The Motion was filed on December 10, 2019, seeking to lift the automatic stay imposed under 11 U.S.C. § 362(a) for the non-exempt real property located at 9021 W. Elm Street Unit 3, Phoenix, Arizona 85037 ("Property"). This objection is supported by the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.   FACTUAL BACKGROUND**

1.   On October 9, 2019 ("Petition Date"), David W. Remieres and Jennifer F. Remieres ("Debtors") filed a Voluntary Petition under Chapter 7 of the United States Bankruptcy Code.

2. Dina L. Anderson is the duly appointed and acting Chapter 7 Trustee in this proceeding.

3. According to the Debtors' Schedule A/B, Debtors hold a full ownership interest in the Property.

4. According to its Motion, Remieres holds a consensual lien against the Property, with a principal balance owing in the amount of $104,265.82, plus accrued and accruing interest and accruing assessments, late charges, attorneys' fees and costs. See Motion at p. 3. Using these figures, Remieres is clearly protected by the equity cushion in this non-exempt property.

5. According to Zillow the Property is worth $114,082.00. Accordingly, given the value of the Property granting Remiere's requested relief is premature.

6. The Trustee has been working through BK Global with U.S. Bank National Association for a sale of this Property.

## II. LEGAL DISCUSSION

### Movant is Adequately Protected.

"To obtain stay relief from the automatic stay, the party seeking relief must first establish a prima facie case that 'cause' exists for relief § 362(d)(1)." In re Smith, 389 B.R. 902, 918 (Bankr. D. Nev. 2008). "Cause" includes the lack of adequate protection. 11 U.S.C. § 362(d)(1).

A common form of adequate protection is the existence of an "equity cushion." See In re Mellor, 734 F.2d 1396, 1400-01 (9th Cir. 1984) (defining "equity cushion" as the "classic form of adequate protection for secured debt"). An equity cushion exists "where the value of the property is sufficient to fully secure the moving creditor." In re Jordan, 392 B.R. 428, 447 (Bankr. D. Idaho 2008). The equity cushion must be large enough to adequately protect the moving creditor's secured claim. See In re Mellor, 734 F.2d at 1401 (concluding that the equity cushion of 20% of the total value of the property was sufficient adequate protection) citing In re McGowan, 6 B.R. 241, 243 (Bankr. E.D. Pa. 1980) (holding a 10% cushion sufficient to be adequate protection); In re Rogers Development Corp., 2 B.R. 679, 685 (Bankr. E.D. Va. 1980) (determining that an equity cushion of approximately 15% to 20% was sufficient adequate

protection to the creditor, even though the debtors had no equity in the property).

Where the Property has an "equity cushion" of almost $40,000.00, that amount is clearly sufficient to adequately protect the Movant's claim, stay relief is not appropriate. As in <u>In re McGowan</u> and <u>In re Rogers Development Corp.</u>, an equity cushion adequately protects a secured creditor's claim. Remieres does not allege that the Property is declining in value. As the secured claim is protected by the Property's value, the Movant has not proven its burden to have the automatic stay lifted at this time. The Trustee is currently acquiring the necessary documents and information to sell the non-exempt real property under 11 U.S.C. § 363.

**WHEREFORE** the Trustee respectfully requests that the Court deny the Motion.

DATED: December 23, 2019

**GUTTILLA MURPHY ANDERSON, P.C.**

<u>/s/ Dawn M. Maguire #20368</u>
Dawn M. Maguire
Attorneys for Chapter 7 Trustee

| | |
|---|---|
| 1 | **E-FILED** on December 23, 2019 with the U.S. Bankruptcy Court and copies served via ECF notice on all parties that have appeared in the case. |
| 2 | |
| 3 | |
| 4 | COPY e-mailed the same date to: |
| 5 | Dina L. Anderson<br>*Chapter 7 Trustee* |
| 6 | |
| 7 | Alex Schulz<br>Christina Harper |
| 8 | The Mortgage Law Firm, PC<br>2999 N. 44th Street, Suite 625 |
| 9 | Phoenix, AZ 85015<br>Alex.Schulz@mtglawfirm.com |
| 10 | Christina.Harper@mtglawfirm.com<br>*Attorneys for Movant* |
| 11 | |
| 12 | COPY mailed the same date via U.S. Mail to: |
| 13 | Office of the United States Trustee<br>230 N. First Ave., Suite 204 |
| 14 | Phoenix, AZ 85003-1706 |
| 15 | David W. Remieres |
| 16 | Jennifer F. Remieres<br>529 York Avenue |
| 17 | Pawtucket, RI 02861<br>*Debtors* |
| 18 | |
| 19 | William E. Markov<br>Hartley Markov Law |
| 20 | 11225 North 28th Drive, Suite B-103<br>Phoenix, AZ 85029 |
| 21 | *Attorney for Debtors* |
| 22 | Alex Schulz |
| 23 | Christina Harper<br>The Mortgage Law Firm, PC |
| 24 | 2999 N. 44th Street, Suite 625<br>Phoenix, AZ 85015 |
| 25 | *Attorneys for Movant* |
| 26 | /s/ Joanellen Campanaro |
| 27 | |
| 28 | |